UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-228-H

UNITED STATES OF AMERICA                                        PLAINTIFF

V.

CONTENTS OF ACCOUNTS, *et. al.*                                 DEFENDANTS

**MEMORANDUM OPINION**

The government brings this action for the civil forfeiture of numerous bank accounts and other property belonging to Israel Chavez, Pam Chavez and Chavez, Inc. The matter is before the Court on the United States' Motions (1) to Stay Discovery, (2) for a Protective Order as to ATF Agent John Black and Interested Party Charles Wells and (3) for Leave to File a Reply. Also before the Court is Interested Party Charles Wells' ("Wells") Motion for a Protective Order.

The government, after making its election to proceed by civil forfeiture and to seize Defendants' property, now seeks to stay the litigation and to significantly limit Defendants' ability to recover it. This is neither right nor consistent with the applicable statutes. For the reasons explained below, the Court will deny the Motion to Stay Discovery, sustain in part and deny in part the United States' Motion for a Protective Order as to Agent Black, sustain the motion for leave,[1] and sustain both the government's and Wells' Motion for Protective Order as to Wells. The Court will also set a date for the probable cause hearing.

---

[1] The Court grants the United States' Motion for Leave to File a Reply without discussion, as there is no reason to disallow the filing.

## I.

Israel Chavez owns and manages Chavez, Inc., which was in the business of selling cigarettes online. Pam Chavez, Israel Chavez's ex-wife, owns a company that provided financial services to Chavez, Inc. Prior to filing this action, the government began a criminal investigation of Chavez, Inc.'s operations. During the course of that investigation, the government secured sealed search and seizure warrants for a great deal of Defendants' property. These warrants were supported by the affidavits of ATF Agent John Black. Two magistrate judges in this district found that the affidavits stated probable cause for forfeiture.[2] As a result of executing the warrants in December 2009, the government obtained the majority of the property – including cigarettes and numerous personal and business bank accounts – on which it now seeks civil forfeiture. These seizures essentially shut down Chavez, Inc. The government's two primary arguments supporting forfeiture are: (1) that the property constitutes proceeds of illegal activity under the mail and wire fraud statutes because Defendants failed to file required notices under the Jenkins Act; and (2) that the property is contraband under the Contraband Cigarettes Trafficking Act ("CCTA").

In the six months since the seizures, Defendants sought to challenge the government's actions in various ways, including by filing a Motion to Dismiss or for Preliminary Injunctive Relief in the present civil forfeiture action, which was brought in April 2010.[3] On June 18, this Court issued an order denying the motions but granting Defendants a probable cause hearing to

---

[2] This Court also found probable cause on a similar affidavit filed in this case.

[3] Defendants also filed a Motion for Return of Property under Federal Rule of Criminal Procedure 41(g). That motion was made in a related case, 3:09MJ-0343, which preceded the current civil forfeiture action. Because Rule 41(g) is only available when the claimants have no other remedy, the government's filing of the present action cut of Defendants' ability to seek a remedy under Rule 41.

2

challenge the pretrial seizure of their property.[4] Following the Court's order, Defendants issued subpoenas to ATF Agent John Black and government informant Charles Wells, seeking to depose them prior to the probable cause hearing. The United States and Wells both filed motions to quash. On June 21, 2010, the Court held a conference to address the motions to quash and the government's motion to stay civil discovery. The Court issued an order mooting the motions to quash by temporarily staying civil discovery so that the parties could file briefs in support of their positions.

## II.

The United States seeks a four-month stay of civil discovery on the grounds that discovery would hinder its efforts in an ongoing criminal investigation. The provision of the civil forfeiture statute on which the government relies, 18 U.S.C. §981(g),[5] says:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> ...
>
> (3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

*Id.* Subsection (4) requires that the criminal investigation be related to the civil forfeiture action.

---

[4] The Court will not revisit its reasons for granting a probable cause hearing, which were fully explained in the Court's corresponding Memorandum Opinion dated June 18, 2010 (Dkt. No. 35). That opinion also fully explained the facts of the case.

[5] This statute, including the relevant language in section (g), was amended by the Civil Asset Forfeiture Reform Act of 2000.

3

Subsection (5) allows the government to submit ex parte evidence in support of its motion for a stay. Here, the government submitted such an affidavit, explaining how the actions are related and outlining ways in which civil discovery might impede the criminal investigation.[6] Though the Court finds that the civil and criminal actions are sufficiently related, the Court concludes that a blanket stay of discovery is (1) unnecessary to protect the government's interest, and (2) unfair under the facts of this case.

Defendants are already on notice of numerous issues the government is investigating, based on the property seizures, the filing of the civil complaint and the unsealing of Black's affidavit. The government has already lost the element of surprise by pursuing the case the way it has. Additionally, there are several areas of inquiry the Defendants could pursue that would produce information relevant to their defense that is wholly unrelated to sensitive information the government wishes to protect. Furthermore, the Court will issue a protective order, as required by Subsection (3), to protect sensitive information relevant to the criminal case.

The blanket stay is also inequitable for a number of reasons. The government made the calculated decision to seize what Defendants characterize as substantially all of their business and personal assets – including their cars and money to pay their mortgage – prior to an indictment or the filing of a civil complaint.[7] Defendants then challenged some of those

---

[6] Defendants, citing this Court's previous opinion in *United States v. Four (4) Contiguous Parcels of Real Property Situated in Louisville, Jefferson County, Ky.*, 864 F. Supp. 652, 653 (W.D.Ky. 1994), assert that the government must show "good cause" before a Court may stay discovery. However, that opinion was issued pursuant to a previous version of Section 981(g) that included a good cause requirement. An August 2000 revision to the statute eliminated the good cause language.

[7] Here, the government relies largely on misdemeanor Jenkins Act violations and disputed readings of state tax laws to support its case for civil forfeiture. While the Court has found that the facts alleged, if true, constitute grounds for forfeiture, the case is distinctly different than the typical drug or fraud seizure, where the property seized is clearly contraband or proceeds of criminal activity.

4

seizures, which had the effect of requiring the United States to file a civil forfeiture action within 90 days. See CAFRA, 18 U.S.C. § 983(a)(3)(A) ("Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture...").[8] Now, the government seeks to stop the train it set in motion by requesting a stay of civil discovery. In essence, it takes advantage of the civil forfeiture procedures, then tries to halt the civil suit when it becomes inconvenient. This might be more acceptable where Defendants retained the property for the pendency of the action, but it seems inequitable and unreasonable to apply a blanket stay where the government retains the property.[9]

For these reasons, the Court will deny the government's Motion to Stay. The Court will allow the government to file a motion proposing limitations to discovery that will protect its interest while allowing Defendants to move forward with the case.

**III.**

In conjunction with its Motion to Stay, the United States filed a Motion for Protective Order to prevent the taking of Agent Black's deposition and his appearance at the probable cause

---

[8] This provision of CAFRA appears to safeguard the claimant in an administrative forfeiture, in that it requires the government to move forward with a civil forfeiture action if the claimant contests the administrative forfeiture. According to one treatise, section 983(a)(3)(A) "puts a deadline on the federal prosecutor so that the judicial case will be timely filed. This prevents the government agencies from seizing and delaying implementation of the forfeiture action, depriving claimants of their property for an unwarranted period of time without some legal process." Dee R. Edgeworth, Asset Forfeiture Practice and Procedure in State and Federal Courts 69 (2d. ed. 2008). Thus, in cases such as this one – brought pursuant to the 90 day requirement of 983(a)(3)(A) – a full halt to civil discovery would seem to frustrate Congressional intent to protect claimants from delays.

[9] It is not entirely clear to the Court that 981(g) contemplated situations where the government has *already seized* defendants' property. For example, subsection (6) says: "Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect." 18 U.S.C. §981(g)(6). This provision suggests that the property is still in the claimant's hands. That said, the Court recognizes that other courts have allowed stays of discovery under 981(g), even where government seized assets prior to trial. See *United States v. Currency $716,502.44*, No. 08-CV-11475, 2008 U.S. Dist. LEXIS 107357, at *4 (E.D.Mich. Dec. 5, 2008); *United States v. 10 Table Bluff Road*, No. C 06-5256, 2007 U.S. Dist. LEXIS 25317, at *2 (N.D. Cal. Mar. 23, 2007).

hearing. Wells has filed his own motion for a protective order preventing the same. As part of its analysis under this section, the Court finds it necessary to reiterate and clarify certain issues related to the probable cause hearing.

The Court's June 18, 2010 Opinion established that Defendants have a right to a hearing to challenge probable cause. The government may tender its previously filed affidavits to meet its initial burden. Then, Defendants may challenge those affidavits with their own evidence or testimony to contest probable cause. Pamela Chavez may offer evidence in support of her innocent owner defense. Defendants' proof could involve limited questioning of ATF Agent John Black to challenge specific facts or inferences in his affidavit. The Court will resolve objections to specific questions at the hearing. Defendants will not be permitted to question or depose Agent Black prior to the hearing. Thus, the United States' Motion for a Protective Order as to Agent Black is sustained in part and denied in part. Agent Black must attend the hearing and answer questions that are necessary and relevant to Defendants' probable cause challenge.

The analysis as to Wells is somewhat different. The only evidence related to Wells that was used to establish probable cause dealt with Wells' involvement (1) in certain alleged violations of the CCTA and (2) in a fraudulent invoicing scheme. However, in its previous opinion, the Court found that the Chavezes' property was forfeitable based on the Jenkins Act violations alone. Thus, it does not appear that Wells could give any testimony that would be relevant to contesting probable cause. In other words, excluding or disproving every fact in Agent Black's affidavit that was derived from Wells or the government's investigation of him, would still not be enough to challenge probable cause for the forfeiture. For these reasons, Wells' motion for a protective order is sustained; he will not be required to come to the probable

cause hearing or give his deposition at this time.[10]

The Court will issue an Order consistent with this Memorandum Opinion.

cc: Counsel of Record

---

[10] It is possible, of course, that Wells' testimony may be needed as part of traditional discovery later in this case. The Court's decision today does not address that circumstance. Rather, the Court will hear Wells' arguments related to waiver if and when the issue of his testimony arises again.